# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**PETRA YOURNET,**

      **Plaintiff,**         **CIVIL ACTION NO. 07-cv-13087**

    **vs.**                  **DISTRICT JUDGE JOHN CORBETT O'MEARA**

                            **MAGISTRATE JUDGE MONA K. MAJZOUB**

**COMMISSIONER OF**
**SOCIAL SECURITY,**

      **Defendant.**
_____/

## REPORT AND RECOMMENDATION

**RECOMMENDATION:** Plaintiff's Motion for Summary Judgment (docket no. 7) should be DENIED, that of Defendant (docket no. 12) GRANTED, and the case DISMISSED.

\*\*\*

Plaintiff filed an application for Disability and Disability Insurance Benefits on December 3, 2001, alleging that she had been disabled and unable to work since July 1, 1994 as a result of pain in her back, legs and shoulders and depression, headaches and bursitis[1]. (TR 68-70, 159). The Social Security Administration denied benefits. (TR 35, 54-58). A requested *de novo* hearing was held on February 7, 2003 before Administrative Law Judge (ALJ) Melvyn B. Kalt. (TR 304). On March 10, 2003 the ALJ issued a decision in which he applied the principles of res judicata and declined to consider the issue of disability prior to January 26, 1995. (TR 335). He also found that the claimant could perform her past relevant work therefore, she was not entitled to a period of disability or Disability Insurance Benefits because she was not under a disability at any time through

---

[1] On January 26, 1995 Plaintiff was awarded a closed period of disability commencing April 14, 1992 to April 7, 1994, when disability ceased, based on a prior application for disability insurance benefits. (TR 39-45).

her date last insured, June 30, 1999. (TR 17-24). On October 30, 2003 the Appeals Council denied review of the ALJ's decision. (TR 6-9). The parties appealed to the District Court and on March 1, 2005 this Court entered an order and judgment remanding the case to the Commissioner. (TR 349-65). Plaintiff appeared for hearing before the ALJ on November 9, 2005 (TR 334, 402). On February 8, 2006 the ALJ issued a decision finding that Plaintiff was not disabled at any time through the date of the decision. (TR 340). The Appeals Council (AC) granted Plaintiff's Request for Review and issued a decision dated May 30, 2007 in which it ultimately decided that Plaintiff was not disabled at any time through her date last insured, June 30, 1999. (322-28). The parties filed Motions for Summary Judgment. The issues raised are whether the prior decision is supported by substantial evidence and whether the proper legal standards were applied.

Plaintiff was born on May 5, 1945 and was 49 years old as of the alleged onset date of disability. (TR 280). Plaintiff has a ninth grade education and last worked as a receptionist in a chiropractic office in 1992. (TR 308, 405). At the February 7, 2003 hearing Plaintiff testified that she stopped working in April 1992 after she sustained a back injury at work. (TR 309).

Plaintiff does not challenge the ALJ or Appeals Council's findings with respect to her impairments, credibility or residual functional capacity. The issues raised by Plaintiff are primarily questions of law, as set forth below. However, the Court has reviewed the record in full. By way of background, the medical records and Plaintiff's reports show that she complained of and was treated for mid and lower back pain, arthritis in the left shoulder and pain in her right leg from 1992 to 1997. (TR 82-93, 121, 123, 141, 145, 239-276). In 1997 Plaintiff also reported depression. (TR 142). In 2001 Plaintiff reported headaches and bursitis in addition to the other conditions. (TR 159). Plaintiff reported limitations in walking, personal needs and grooming and daily activities

2

due to pain. (TR 145, 153-155).

**<u>ADMINISTRATIVE LAW JUDGE'S AND APPEALS COUNCIL'S DETERMINATIONS:</u>**

The ALJ found that although Plaintiff met the disability insured status requirements from January 26, 1995, the first date under consideration for purposes of disability until June 30, 1999, had not engaged in substantial gainful activity since 1995, and suffered from complaints of low back and right radicular pain, left shoulder pain, and chronic depression, she did not have an impairment or combination of impairments that met or equaled the Listing of Impairments. (TR 339). Additionally, the ALJ found that Plaintiff's allegations are not wholly credible. (TR 339). The ALJ found that Plaintiff was capable of performing sedentary work prior to the expiration of her insured status and there were a significant number of sedentary records keeping and/or receptionist jobs existing in the regional economy prior to the expiration of Plaintiff's insured status. (TR 340). Therefore she was not suffering from a disability under the Social Security Act. (TR 340).

Plaintiff appealed the ALJ's February 8, 2006 decision to the AC. The AC granted the request for review. The AC adopted the ALJ's findings with regard to the provisions of the Social Security Act, Social Security Administration Regulations, Social Security Rulings and Acquiescence Rulings, the issues in the case and the evidentiary facts. (TR 327). Furthermore, the AC adopted the ALJ's findings and conclusions that the claimant is not disabled. However, the AC did not adopt the ALJ's findings and conclusions regarding Plaintiff's ability to perform her past relevant work as a receptionist. (TR 326-28). The AC ultimately found that Plaintiff's residual functional capacity for sedentary work did not preclude the performance of her past relevant work as a receptionist at any time prior to June 30, 1999. (TR 328).

**STANDARD OF REVIEW:**

Pursuant to 42 U.S.C. § 405(g), this Court has jurisdiction to review the Commissioner's final decisions. "[I]f the Appeals Council grants review of a claim, then the decision that the Council issues is the Commissioner's final decision." *Sims v. Apfel*, 530 U.S. 103, 106-07 (2000). The AC's decision is the final decision to be reviewed in this matter. Because the AC decision incorporates portions of the ALJ's findings and conclusions, both decisions are referenced in the analysis.

Pursuant to 42 U.S.C. § 405(g), this Court has jurisdiction to review the Commissioner's final decisions. Judicial review of the Commissioner's decisions is limited to determining whether his findings are supported by substantial evidence and whether he employed the proper legal standards. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Walters v. Comm'r*, 127 F.3d 525, 528 (6th Cir. 1997). Substantial evidence is more than a scintilla but less than a preponderance; it is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson*, 402 U.S. at 401 (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Walters*, 127 F.3d at 528. It is not the function of this Court to try cases *de novo*, resolve conflicts in the evidence or decide questions of credibility. *See Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. *See Kirk v. Sec'y of Health and Human Servs.*, 667 F.2d 524, 536 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the reviewing court would decide the matter differently, *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983), and even if substantial

evidence also supports the opposite conclusion. *See Her v. Commissioner*, 203 F.3d 388, 389-90 (6th Cir. 1999); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc) (noting that the substantial evidence standard "presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts").

**DISCUSSION AND ANALYSIS:**

Plaintiff's Social Security disability determination was made in accordance with a five step sequential analysis. In the first four steps, Plaintiff was required to show that:

(1) she was not presently engaged in substantial gainful employment; and

(2) she suffered from a severe impairment; and

(3) the impairment met or was medically equal to a "listed impairment;" or

(4) she did not have the residual functional capacity to perform her relevant past work.

*See* 20 C.F.R. §§ 404.1520(a)-(f). If Plaintiff's impairments prevented her from doing her past work, the Commissioner, at step five, would consider her residual functional capacity ("RFC"), age, education and past work experience to determine if she could perform other work. If she could not, she would be deemed disabled. *See* 20 C.F.R. §§ 404.1520(g). The Commissioner has the burden of proof only on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Her*, 203 F.3d at 391. To meet this burden, the Commissioner must make a finding "supported by substantial evidence that [the claimant] has the vocational qualification to perform specific jobs." *Varley v. Sec'y of Health and Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987).

Plaintiff argues that the ALJ's decision is not based on substantial evidence and the ALJ applied the wrong legal standard. Plaintiff argues that the ALJ failed to evaluate new and material evidence in this claim pursuant to AR 98-3(6), the AC erred in concluding that Plaintiff performed

the light exertional level of her duties only occasionally and the AC failed to address SSR 00-4p which was a change in the Rules since the 1995 ALJ decision and provides a method to resolve conflicts between the Dictionary of Occupational Titles and vocational expert testimony.

***Whether the ALJ Properly Evaluated New and Material Evidence Relating To Plaintiff's Past Relevant Work.***

In the 1995 decision the ALJ found that Plaintiff could perform her past relevant work as a receptionist which is generally performed at the sedentary exertional level. Plaintiff argues that because the ALJ did not use a Vocational Expert (VE) at the 1995 hearing, the VE testimony taken at the November 9, 2005 hearing is new and material evidence. Specifically, Plaintiff argues that the following VE testimony constitutes new and material evidence: (1) That exhibits B-2E and B-11E characterize Plaintiff's past relevant work at the light exertional level, (2) that the receptionist job as classified in the Dictionary of Occupational Titles is normally done at either sedentary, light or sometimes medium level of exertion and (3) that Plaintiff would be unable to perform the job as it exists in the current market or as of her date last insured in June 1999 because the receptionist jobs require computer skills which Plaintiff does not have. (Docket no. 7 at 9).

In the 1995 decision, Administrative Law Judge Fier found that Plaintiff's past relevant work as a receptionist required a sedentary level of exertion. (TR 44). He also found that as of April 8, 1994 Plaintiff regained the residual functional capacity to perform "a full range of at least sedentary work, which would include her past relevant work as a receptionist." (TR 44).

> [W]here the final decision of SSA after a hearing on a prior disability claim contains a finding of the demands of a claimant's past relevant work, SSA may not make a different finding in adjudicating a subsequent disability claim with an unadjudicated period arising under the same title of the Act as the prior claim unless new and additional evidence or changed circumstances provide a basis for a different finding. AR 98-3(6).

Plaintiff did not appeal the 1995 decision and it became a final decision of the Commissioner, rendered after a hearing. It contains a finding that Plaintiff's past relevant work required a sedentary level of exertion. (TR 44).

The evidence upon which Plaintiff bases its argument must be "new" and "material." In *Dennard v. Sec'ty of Health and Human Servs.*, 907 F.2d 598 (6th Cir. 1990), the case upon which AR 98-3(6) is based, the claimant was found not disabled in a 1982 ALJ decision because he could perform sedentary work, although the ALJ found that claimant could not perform his past work which was at the heavy exertional level. *Id.* at 598-600. In 1988 the ALJ issued a decision finding that claimant was not disabled because he could perform his past relevant work. *Id.* at 599. The ALJ relied on vocational testimony that Plaintiff's past work was heavy based on claimant's testimony at the 1981 hearing, however, it was light based on the job description which claimant submitted with the application for benefits. *Id.* On appeal the Sixth Circuit found that the nature and extent of the exertional level of claimant's former job was a finding of fact from which the ALJ was precluded by estoppel from reconsidering.

Similarly, Plaintiff relies on the VE's testimony in a hearing after the 1995 decision to argue that the exertional level of his past work should be reconsidered. Plaintiff argues that the VE's testimony that it would be her opinion that in both of the exhibits "2e (sic) [B-2E] and B11e, . . . the work should have been characterized as light" is new and material evidence that was not before Judge Fier in 1995. (TR 411). The VE also testified that she believed that "Exhibit B2e is a Social Security form that was in existence in 1995." (TR 410). The Court finds that this testimony is not new and material evidence, but rather, "simply represents a different view of the same evidence that was earlier presented." *Brewster v. Barnhart*, 145 Fed. Appx. 542, 549 (6th Cir. 2005)

7

(unpublished). Further, the exhibits underlying the VE's testimony are not new and material evidence. Exhibit B-2E, a Work History Report, is undated however, the VE testified that it was in existence in 1995. Exhibit B-11E provides evidence consistent with that provided in Exhibit B-2E. (TR 105, 160). Plaintiff does not show that the testimony or the underlying exhibits are new evidence.

Plaintiff next argues that the VE's testimony that the receptionist job as classified in the Dictionary of Occupational Titles is normally done at either sedentary, light or sometimes medium exertional level of activity constitutes new and material evidence. (TR 413). The VE agreed with the ALJ's statement that "the DOT lists the job as sedentary, but the claimant performed it at light." (TR 413). The VE testified that she agreed with the ALJ's summary "with an additional caveat, and that is, is that many people perform the job at either sedentary, light, or frankly, sometimes medium." (TR 413). This testimony is subject to the same analysis as above. It merely constitutes a different view of the evidence presented at the 1995 hearing. Therefore the testimony is not new and material evidence.

Plaintiff also argues that the VE's testimony that Plaintiff would be unable to perform the job "as it exists in the current market or as of her date last insured in June, 1999 because the receptionist jobs require computer skills which Plaintiff does not have" is new evidence (Pl's Br. docket no.7 at 9). Plaintiff overstates the VE's testimony. When questioning the VE about transferrable skills, the ALJ asked the VE about the sedentary receptionist jobs "as of June 30th, 1999." (TR 413). The VE testified that "there were certainly some jobs that would have been performed without the necessity for computers." (TR 413). The VE further testified that "computers have been coming on board consistently over the years, . . . she would have had

8

difficulty, even in 1999, . . . locating a job that didn't require her to utilize the computer at least for part of her job, and what that means is, is that in 1999, while they might have been willing to train her on the job for the computer, she would have needed at least 60 to 90 days and maybe longer because there's no indication that she had any keyboard experience . . . ." (TR 413). This is not testimony that there would not have been jobs available for Plaintiff in 1999. Similarly, it is not new and material evidence. Further, a finding at step four that Plaintiff can perform her previous work does not require a finding as to the current existence of that work. *Barnhart v. Thomas*, 540 U.S. 20, 25 (2003). The AC's decision that Plaintiff can perform her past relevant work is based on substantial evidence and the AC did not err when it did not adopt the VE's opinion that Plaintiff's past work as performed was light in exertion.

### *Whether the Appeals Council Erred in Concluding That Plaintiff's Past Work Was Sedentary and Performed The Light Exertional Level Of Her Duties Only Occasionally*

The AC in a decision dated May 30, 2007 concluded that Plaintiff could perform her past relevant work as it was generally performed and therefore, she was not disabled. The Appeals Council's finding is based on its conclusion that Plaintiff's past relevant work was performed at the sedentary level of exertion. The Appeals Counsel stated that the VE "testified and the Dictionary of Occupational Titles (DOT) states that the job of receptionist is generally performed at the sedentary level." (TR 327). The AC further stated that

> [T]he claimant testified that the additional duties that she performed at the light exertional level were the responsibility of another employee, and that she performed them only occasionally when that employee was absent (November 9, 2005 Tr., p. 7). Therefore, the claimant's testimony does not refute the conclusion that her past relevant job of receptionist, as she performed it, was sedentary." (TR 327).

Plaintiff argues that this is error in fact because the VE testified that Plaintiff's job was light and semi-skilled. (Pl's Br. docket no. 7 at 9, TR 412).

9

At the November 9, 2005 hearing, the VE testified that a receptionist job as described in the Dictionary of Occupational Titles is designated as sedentary. (TR 412). The VE explained that the DOT descriptions are a composite of several jobs and are characterized at the exertion level at which they are frequently found. (TR 412). The VE then classified Plaintiff's job as Plaintiff described it as a combination receptionist and scheduler, performed at the light exertion level. (TR 411). The VE testified that a receptionist in a doctor's office is "typically sedentary, but as soon as you put it, a person responsible for taking patients to the . . . treatment room, . . . then it puts it at the light exertional level." (TR 414). The VE testified that there is no transferability of skills to a receptionist or scheduler in the current market because the positions in the current market require computer literacy. (TR 411).

As set forth above, the VE also testified that as of June 30, 1999 although there would have been some jobs performed without the necessity of a computer, Plaintiff would have had difficulty locating a job that did not require her to utilize a computer. However, an employer would have been more willing to train her on the job for the computer and she would have needed at least 60 to 90 days of training.

The relevant inquiry is whether Plaintiff can return to her past *type* of work, not just her former job. *See Studaway v. Sec'y of Health and Human Servs.*, 815 F.2d 1074, 1076 (6th Cir. 1987) (The plaintiff's argument rested on "the incorrect assumption that his burden is to show merely an inability to return to his old job . . . . This view rests on too narrow a construction of the standard of eligibility for benefits."). Further, as stated above, it is not error to determine that a claimant can perform past relevant work even if the job no longer exists in significant numbers. "[S]tep four can result in a determination of no disability without inquiry into whether the claimant's previous work

exists in the national economy." *Barnhart,* 540 U.S. at 25. For the reasons stated above, the AC should have concluded that Plaintiff's past relevant work was sedentary based on the 1995 decision. However, the AC engaged in the analysis and its conclusion is supported by substantial evidence nonetheless[2].

### *Whether The Appeals Council Failed To Address SSR 00-4p To Resolve Conflicts Between The Dictionary Of Occupational Titles And VE Testimony*

Finally, Plaintiff argues that SSR 00-4p is a Rule change under AR 98-3(6) and therefore, the findings related to Plaintiff's vocational background are not binding. (Pl's Br. docket no. 7 at 10). The Court does not agree. SSR 00-4p provides that

> When vocational evidence provided by a VE or VS is not consistent with information in the DOT, the adjudicator must resolve this conflict before relying on the VE or VS evidence to support a determination or decision that the individual is or is not disabled. The adjudicator will explain in the determination or decision how he or she resolved the conflict. That adjudicator must explain the resolution of the conflict irrespective of how the conflict was identified. SSR 00-4p.

First, SSR 00-4p was effective on December 4, 2000, the date of its publication in the *Federal Register*, and applies as of that date to all claims for disability benefits in which a hearing before the ALJ has not yet been held, or that are pending hearing on remand. Therefore, SSR 00-4p does not apply to the underlying final 1995 decision regarding the sedentary exertional level of Plaintiff's past work, which was not appealed and in which no VE testified. Second, SSR 00-4p provides that the adjudicator must resolve a conflict between the DOT and the VE "*before relying on the VE . . . evidence.*" Plaintiff's argument is that the ALJ's 2006 decision and Appeals

---

[2] In light of the analysis and findings set forth herein, the Court need not engage in a discussion of the meaning and relevance of Plaintiff's 2005 testimony that she put hot packs on the patients "maybe three times a week" when another employee was off. (TR 408). Plaintiff's testimony is ambiguous as to how often she placed the hot packs.

11

Council's 2007 decision did *not* adopt the VE's testimony that Plaintiff's past work was at the light exertional level. Third, even if, arguably, the ALJ may have considered the VE's testimony and reconsidered the 1995 decision regarding Plaintiff's past work, at the November 9, 2005 hearing the ALJ properly asked the VE to explain any conflicts between the DOT and her own testimony. (TR 411-14). At the hearing the ALJ specifically incorporated the VE's explanation of the DOT classification of the receptionist position and the VE's classification and asked the VE to confirm that as Plaintiff "described her job here today, had (sic) a job that was light and semi-skilled with no skills transferrable to sedentary work." (TR 412). This conclusion was noted in the ALJ's 2006 decision. (TR 339). It was incorporated in the Appeals Council decision by reference to the issues in the case and the evidentiary facts of the ALJ's decision and also specifically mentioned as set forth above. (TR 327). There is no basis for a new finding with regard to the prior decision that Plaintiff's past work was sedentary. However, even if the VE's testimony constituted new and material evidence, (it does not, as set forth above), the AC properly considered the VE's testimony. The AC's conclusion that Plaintiff's prior work was at the sedentary exertional level and that Plaintiff can perform her past relevant work is supported both by the law and substantial evidence.

**CONCLUSION**

The Commissioner's decision is supported by substantial evidence. Defendant's Motion for Summary Judgement (docket no. 12) should be GRANTED. Plaintiff's Motion for Summary Judgment (docket no. 7) should be DENIED. The case should be DISMISSED.

**REVIEW OF REPORT AND RECOMMENDATION:**

Either party to this action may object to and seek review of this Report and

Recommendation, but must act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Rule 72.1(d)(2) of the *Local Rules of the United States District Court for the Eastern District of Michigan*, a copy of any objection must be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated: July 15, 2008         s/ Mona K. Majzoub
                             MONA K. MAJZOUB
                             UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Counsel of Record on this date.

Dated: July 15, 2008         s/ Lisa C. Bartlett
                             Courtroom Deputy